UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WILLIAM BAXTER, ) | |
| ) | |
| Petitioner, ) | |
| v.                                                      ) | No. 2:13-cv-00309-JMS-WGH |
| ) | |
| RICHARD BROWN, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for a Writ of Habeas Corpus**

Petitioner William Baxter was convicted by a jury in an Indiana state court of several offenses. He is currently serving a fifty-four year sentence for these crimes. Mr. Baxter now seeks a writ of habeas corpus, arguing that he was denied the effective assistance of trial counsel.

For the reasons explained in this Entry, Mr. Baxter's petition for a writ of habeas corpus is **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I.
Background**

District court review of a habeas petition presumes all factual findings of the state court to be correct, absent clear and convincing evidence to the contrary. *See Daniels v. Knight*, 476 F.3d 426, 434 (7th Cir. 2007). On post-conviction appeal, the Indiana Court of Appeals summarized the relevant facts and procedural history as follows:

> The facts underlying Baxter's convictions were related by this court in its disposition of Baxter's direct appeal:
>
> > In the early morning hours of September 29, 2007, T.R. was walking down a street in Indianapolis when she came into contact with three men: Baxter, Dion Stewart, and a third person known only as "Slim." Tr. p. 63. The three men began walking with T.R., and Stewart eventually offered some

1

> cocaine to T.R., which she sniffed off of his driver's license. T.R. then accompanied the three men to an abandoned house, although she was expecting to go to one of the three men's house. Stewart and T.R. began kissing at the side of the house, and then he removed his penis from his pants and asked T.R. to touch it. T.R. refused and said she wanted to go home.
>
> When T.R. said this, the three men accused her of stealing their "stuff" (i.e., cocaine). *Id.* at 71. T.R. began walking away, and one of the men directed her to a purported "shortcut" to her residence down an alley. When she reached the alley, someone said, "Now," and Stewart put his arm around T.R.'s neck from behind and began choking her. *Id.* at 78. Baxter and Stewart then began hitting her about the head with closed fists, trying to knock her out. They then pulled her pants down, while Slim stood watch. Slim forced T.R. to perform oral sex on him while either Baxter or Stewart had vaginal intercourse with her. Baxter and Stewart then alternated forcing T.R. to submit to oral, vaginal, and anal intercourse with them. After about thirty minutes, the three men began to leave and took T.R.'s cell phone and keys from her pants pocket. When T.R. protested that they were taking her house keys, Stewart punched her in the mouth. The punch caused a laceration to T.R.'s lip that required plastic surgery and left a scar. T.R. was able to summon help after the three men left. When taken to the hospital, T.R. was given morphine for her pain.

*Baxter v. State*, No. 49A02-0905-CR-461, slip op. at 1 (Ind. Ct. App. Feb. 16, 2010) [("*Baxter I*")]. When DNA samples collected from T.R. were submitted to the CODIS database, two of the samples were found to match Baxter and Stewart. A cheek swab collected from Baxter confirmed the CODIS match.

> The State charged Baxter with two counts of Class A felony rape, four counts of Class A felony criminal deviate conduct, one count of Class A felony robbery, one count of Class C felony battery, and one count of Class D felony theft. After a jury trial held on April 15-16, 2009, Baxter was found guilty as charged on all counts. At the sentencing hearing on May 1, 2009, the trial court entered judgments of conviction for the following: one count of Class A felony rape, two counts of Class B felony criminal deviate conduct, one count of Class C felony robbery, and one count of Class A misdemeanor battery.

*Id.* Stewart and Baxter were tried together after the trial court denied Baxter's

2

> motion to sever. On May 1, 2009, the trial court sentenced Baxter to an aggregate sentence of fifty-four years of incarceration. Following direct appeal, in which Baxter challenged only his rape conviction, this court affirmed the judgment of the trial court. *Id.* at 3. In 2010, Baxter filed a petition for post-conviction relief ("PCR"), and he filed an amended petition on February 17, 2011. On April 20, 2012, the post-conviction court denied Baxter's PCR petition in full.

*Baxter v. State*, 985 N.E.2d 371, 2013 WL 1276014 (Ind. Ct. App. 2013) ("*Baxter II*").

The Indiana Court of Appeals affirmed the denial of post-conviction relief. *See Baxter II*, 2013 WL 1276014, at *5. Mr. Baxter filed a petition to transfer with Indiana Supreme Court on April 25, 2013. The Indiana Supreme Court denied transfer on May 30, 2013. *See Baxter v. State*, 988 N.E.2d 796, 2013 WL 2403293 (Ind. 2013). Mr. Baxter timely filed the instant petition for a writ of habeas corpus with this Court.

## II.
## Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). The petitioner filed his 28 U.S.C. § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). His petition, therefore, is subject to AEDPA. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997).

"Under the current regime governing federal habeas corpus for state prison inmates, the inmate must show, so far as bears on this case, that the state court which convicted him unreasonably applied a federal doctrine declared by the United States Supreme Court." *Redmond v. Kingston,* 240 F.3d 590 (7th Cir. 2001) (citing 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362 (2000); *Morgan v. Krenke*, 232 F.3d 562 (7th Cir. 2000)). Thus, "under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo*, 590 F.3d 533, 536 (7th Cir. 2010).

"A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes*, 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002)).

In addition to the foregoing substantive standard, the parties dispute whether the petitioner procedurally defaulted certain claims. *See Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992) (procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court"). "Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26. A federal claim is not fairly presented unless the petitioner "put[s] forward operative facts and controlling legal principles." *Simpson v. Battaglia*, 458 F.3d 585, 594 (7th Cir. 2006) (citation and quotation marks omitted). "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Lewis*, 390 F.3d at 1026.

### III.
### Discussion

Mr. Baxter raises three ineffective assistance of trial claims in his habeas petition, some of which the respondent contends are procedurally defaulted. After setting forth the legal standards

4

governing habeas review of an ineffective assistance of trial counsel claim, the Court will address each claim in turn.

A defendant has a right under the Sixth Amendment to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). For a petitioner to establish that "counsel's assistance was so defective as to require reversal," he must make two showings: (1) that counsel rendered deficient performance that (2) prejudiced the petitioner. *Id.* With respect to the performance requirement, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688). "[T]o establish prejudice, a 'defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 534 (quoting *Strickland*, 466 U.S. at 694).

When the deferential AEDPA standard is applied to a *Strickland* claim, the following calculus emerges:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is . . . difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," [*Strickland*] at 689, 104 S. Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S. at 123. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at 123. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington*, 562 U.S. 86, 105 (2011).

### A. Failure to Object to Prosecutorial Misconduct

Mr. Baxter argues that his trial counsel provided ineffective assistance by failing to object to alleged prosecutorial misconduct during the State's closing argument. During state post-

conviction proceedings, when Mr. Baxter was represented by counsel, he pointed to three specific statements made by the prosecutor during closing arguments that he argued constituted prosecutorial misconduct and therefore should have been objected to. Mr. Baxter appealed the post-conviction court's decision *pro se*, pointing to additional statements made by the prosecutor during closing argument that he argued constituted prosecutorial misconduct. In addressing this claim, the Indiana Court of Appeals in *Baxter II* reasoned as follows:

> Baxter contends that his trial counsel was ineffective for failing to object to alleged prosecutorial misconduct. Although Baxter makes several allegations of misconduct in his Appellant's Brief, the only three that were also made below concern three statements the prosecutor made during closing: "that makes her more credible," "these guys are credible over her," and "He's not credible." Tr. pp. 396, 398, 400. Baxter contends that these statements are impermissible statements regarding witness credibility. It is well-settled, however, that "a prosecutor may comment on the credibility of the witnesses as long as the assertions are based on reasons which arise from the evidence." *Lopez v. State*, 527 N.E.2d 1119, 1127 (Ind. 1988).
>
> Our review of the record reveals no misconduct. The prosecutor made the first statement while referring to prior statements that were inconsistent with T.R.'s trial testimony, arguing that her acknowledgment that she had lied made her more credible now. The second statement appears to be a rhetorical question, with the prosecutor asking if the defendants were more credible than the victim in light of her testimony. The third statement was made while the prosecutor was explaining why the defendants' version of events was not credible. In other words, all three statements were based on evidence in the record, not the prosecutor's personal opinions regarding credibility, and were therefore acceptable. Baxter's trial counsel was not ineffective for failing to object on the basis of prosecutorial misconduct.

*Baxter II*, 2013 WL 1276014, at *2-3.

### 1.     *Statements Addressed by the Indiana Court of Appeals*

The Indiana Court of Appeals reasonably applied *Strickland* in concluding that it was not ineffective assistance of counsel for Mr. Baxter's trial counsel to fail to object to the three of the prosecutor's statements it addressed. Mr. Baxter cannot show that his counsel's performance was deficient based on a failure to raise an objection that would not have been sustained, *see Hough*

6

*v. Anderson*, 272 F.3d 878, 898 (7th Cir. 2001), and an objection to any of these three statements would not have been sustained.

As the *Baxter II* court recognized, "a prosecutor may comment on the credibility of the witnesses as long as the assertions are based on reasons which arise from the evidence." *Lopez v. State*, 527 N.E.2d 1119, 1127 (Ind. 1988); *see Bryant v. State*, 41 N.E.3d 1031, 1036 (Ind. Ct. App. 2015). The *Baxter II* court assessed each of the three statements—"that makes her more credible," "these guys are credible over her," and "He's not credible." Trial Tr. at 396, 398, 400[1]—and concluded that each of these statements was based on the evidence. *See Baxter II*, 2013 WL 1276014, at *2-3. This Court's review of the evidence bears this analysis out; each of these statements was made as an effort to explain why, *based on the evidence presented*, the jury should conclude that the victim was credible and Mr. Baxter was not. *See* Trial Tr. 394-400. Because such statements are permissible under Indiana law, *see Lopez*, 527 N.E.2d at 1127, any objection to them would not have been sustained, and thus the Indiana Court of Appeals reasonably applied *Strickland* in concluding that it was not deficient performance for Mr. Baxter's trial counsel to fail to object to them, *see Hough*, 272 F.3d at 898.

   2.   *Statements Not Addressed by the Indiana Court of Appeals*

The Court turns next to the two statements on which Mr. Baxter relies that the Indiana Court of Appeal did not address. The respondent argues that any claim based on these statements is procedurally defaulted because the Indiana Court of Appeals disposed of these claims on an independent and adequate state law ground—namely, that an issue raised for the first time on appeal is waived. [Filing No. 13 at 11-12 (citing *Cheek v. State*, 567 N.E.2d 1192, 1195 (Ind. Ct.

---

[1] The Court uses the following citation format when citing to the state court records: "Trial Tr." for the trial record, "PCR Tr.," for the post-conviction record, and "Aplt. Appx." for the state court appellate appendix.

App. 1991)).] Mr. Baxter replies that his claim was not procedurally defaulted because that Indiana Court of Appeal did not "clearly and expressly" state that it declined to address the additional statements based on a state procedural bar. [Filing No. 20 at 9 (citing *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Gomez v. Jaimet*, 350 F.3d 673, 677 (7th Cir. 2003)).]

"A claim will be procedurally defaulted—and barred from federal review—if the last state court that rendered judgment 'clearly and expressly' states that its judgment rests on a state procedural bar." *Lee v. Foster*, 750 F.3d 687, 693 (7th Cir. 2014). The Court "will not entertain questions of federal law in a habeas petition when the state procedural ground relied upon in the state court 'is independent of the federal question and adequate to support the judgment.'" *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).

The Court agrees with the respondent that the Indiana Court of Appeals clearly relied on the procedural bar of waiver in declining to address any of the prosecutor's statements beyond those raised before the post-conviction court. The Indiana Court of Appeals acknowledged that Mr. Baxter relied on "several" of the prosecutor's statements in his appellate brief, but noted that "only three" were "raised below." *See Baxter II*, 2013 WL 1276014, at *2. It then went on to address only those three. *See id.* The only possible reading of this passage is that those claims were waived, and thus the Court views this as a clear invocation of a state procedural bar. Therefore, Mr. Baxter's claim based on the two additional statements not addressed by the Indiana Court of Appeals is procedurally defaulted.

Mr. Baxter contends that he can show cause for the procedural default and thus his claim should be addressed by this Court on the merits. The Court assumes without deciding that Mr. Baxter can adequately show cause for the procedural default because, as discussed below, his

8

claims based on the prosecutor's additional two comments lack merit.[2] [*See* Filing No. 20 at 12-13.]

First, Mr. Baxter points to the prosecutor's comment regarding the State's witness, Forrenquai Bailey. Specifically, after referring to some of her testimony, the prosecutor states that "her testimony can be believed." Trial Tr. at 403. When read in context, this comment, like the three addressed by the Indiana Court of Appeals, was based on the evidence at trial; the prosecutor is essentially arguing that Ms. Bailey's testimony is credible because it corroborates the victim's version of the events, and vice versa. Because the prosecutor's comment is based on the evidence presented at trial, it is permissible under Indiana law. *See Lopez*, 527 N.E.2d at 1127. Accordingly, any objection to this testimony would not have been sustained and thus Mr. Baxter's trial counsel could not have rendered deficient performance for failing to object to it. *See Hough*, 272 F.3d at 898.

Second, Mr. Baxter points to a passage in which the prosecutor attacks his credibility by suggesting there is no corroboration for his version of events. Specifically, after Mr. Baxter's counsel's closing argument and at the beginning of the prosecutor's final closing argument, the prosecutor stated as follows:

> I'll start first with what you heard last. You heard Mr. Baxter's testimony under the three prongs of honesty and credibility.
>
> . . . .
>
> Where's his corroboration? Where's Unc? He's got friends here. Mr. Baxter has friends here. Where's Unc? Where's his corroboration? Where's anything to support his story – anything, anyone, anyone's who's ever seen him, anyone who's ever done business with him before, any of those things? None. There's none because there isn't. Because like Mr. Baxter told you, prophetically, "I guess I got

---

[2] Because the Indiana Court of Appeals did not address Mr. Baxter's claim based on the prosecutor's two additional comments, this Court reviews the claim *de novo*. *See Villanueva v. Anglin*, 719 F.3d 769, 777 (7th Cir. 2013).

>to say something." What you have seen in the last half hour to rebut what I said in opening statement is a first class act. It is with all due respect, smoke and mirrors though.
>
>. . . .
>
>How does [Mr. Baxter's explanation] corroborate anything that you've heard.

Trial Tr. 394-96.

The foregoing statements by the prosecutor were made in the context of a lengthy criticism of Mr. Baxter's testimony and how it lacked corroboration based on the other evidence presented at trial. The majority of it is thus unobjectionable under Indiana law for the same reasons the prosecutor's comments addressed above were. However, unlike those comments, the prosecutor also highlighted that Mr. Baxter failed to call "Unc" or his other "friends" to testify and corroborate his own testimony. The record reveals that, according to Mr. Baxter, "Unc" ran a crack house in which Mr. Baxter testified he had a consensual sexual encounter with the victim, *see* Trial Tr. at 336-37, and that the prosecutor's reference to Mr. Baxter's "friends" referred to individuals sitting in the gallery at trial purportedly to support Mr. Baxter, *see* Trial Tr. 30-32.

Although "[i]t is not improper for the prosecutor in closing argument to focus on the uncontradicted nature of the State's case . . . , it is improper for the prosecutor to suggest that the defendant has the burden of proof by inquiring in closing argument why the defendant did not call a witness to testify on his behalf." *Harrison v. State*, 901 N.E.2d 635, 644 (Ind. Ct. App. 2009) (citing *Isaacs v. State*, 673 N.E.2d 757, 764 (Ind. 1996); *Chubb v. State*, 640 N.E.2d 44, 48 (Ind. 1994)). The prosecutor approached the latter by inquiring why "Unc" did not testify and by highlighting for the jurors that Mr. Baxter had other "friends" in the courtroom he could have called to testify but did not; thus an objection to those comments would likely have been sustained.

Even if Mr. Baxter's counsel rendered deficient performance by not objecting to these

10

comments by the prosecutor, Mr. Baxter cannot establish that he was prejudiced by any perception created among the jurors that Mr. Baxter bears the burden of proof. The majority of the prosecutor's comments did not at all suggest that Mr. Baxter had the burden of proof, and to the extent they may have, the jury instructions made clear that this was not the case. Specifically, Jury Instruction 21 provided, in relevant part, that the defendant is presumed innocent and that "[t]he defendant is not required to present any evidence to prove his innocence or to prove or explain anything." Aplt. Appx. at 85. When such an instruction is given, the Court "presume[s] that the jury followed the [trial] court's instruction and properly understood the burden of proof." *United States v. Miller*, 199 F.3d 416, 423 (7th Cir. 1999); *see United States v. Hauert*, 40 F.3d 197, 205 (7th Cir. 1994) (holding that the prosecutor's misstatement regarding the burden of proof was not reversible error because "the district court's instructions made it clear that the burden of proof remained with the government throughout"); *see also Chubb v. State*, 640 N.E.2d 44, 48-49 (Ind. 1994). There is no basis in the record to think that the jury did not follow this instruction or otherwise misunderstood the allocation of the burden of proof. Accordingly, even if this claim were not procedurally defaulted, and even if the prosecutor's comment were improper such that Mr. Baxter's counsel should have objected to it, Mr. Baxter was not prejudiced by the failure to object given that the jury was properly instructed regarding the burden of proof.

For these reasons, Mr. Baxter is not entitled to habeas relief on his ineffective assistance of counsel claim based on his trial counsel's failure to object to several comments regarding the credibility of the witnesses made by the prosecutor during closing argument.

### B. Failure to Raise Several Evidentiary Objections

Mr. Baxter argues that his trial counsel provided ineffective assistance in failing to object to (1) trial exhibits two, three, four, and five, which were items collected from the victim after the

11

assault, on the ground that their relevance was not established; and (2) trial exhibits two through eight and ten, on the ground that chain of custody was not established. [Filing No. 2 at 7-9.] The respondent contends that the first of these two claims is procedurally defaulted and that neither of the claims have merit.

### 1. Procedural Default

The respondent contends that Mr. Baxter procedurally defaulted his claim regarding his trial counsel's failure to object to exhibits two through five on relevance grounds because he did not reassert this claim in his petition to transfer to the Indiana Supreme Court. [Filing No. 13 at 5-7.] Mr. Baxter disagrees, arguing that his petition to transfer fairly presented his claim to the Indiana Supreme Court. [Filing No. 20 at 3-7.]

"[F]ederal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review." *Johnson*, 786 F.3d 501, 504 (7th Cir. 2015) (citations and quotation marks omitted). "Fair presentment, however, does not require a hypertechnical congruence between the claims made in the federal and state courts; it merely requires that the factual and legal substance remain the same." *Anderson v. Benik*, 471 F.3d 811, 814-15 (7th Cir. 2006); *see also Picard v. Connor*, 404 U.S. 270, 277-78 (1971) ("[W]e do not imply that respondent could have raised the equal protection claim only by citing 'book and verse on the federal constitution.' We simply hold that the substance of a federal habeas corpus claim must first be presented to the state courts.") (citations omitted).

The Court agrees with Mr. Baxter that he fairly presented this claim in his petition to transfer to the Indiana Supreme Court. Although Mr. Baxter focuses in his petition on whether the Indiana Court of Appeals should have deemed the State to have waived opposition to his claim, he also explicitly argues the merits of the claim. Specifically, when addressing this ineffective

assistance of counsel claim, Mr. Baxter argued that the Indiana Court of Appeals incorrectly determined that the evidence in question was adequately connected to the crime and therefore relevant. [*See* Filing No. 13-12 at 8.] In short, the "factual and legal substance" of the claim that was presented to the Indiana Court of Appeals was presented to the Indiana Supreme Court in Mr. Baxter's petition to transfer. Accordingly, this claim is not procedurally defaulted, and the Court will address it on its merits.

      2.    *Merits*

The Indiana Court of Appeals addressed Mr. Baxter's ineffective assistance of counsel claims based on the failure to object to certain evidence, reasoning as follows:

> Baxter contends that his trial counsel was ineffective for failing to object to the admission of several pieces of physical evidence, namely items of clothing collected from T.R. by Wishard Health Service Registered Nurse Laura Maloy and DNA collected from Baxter by Indianapolis Metropolitan Police Detective Daniel Green in order to confirm the CODIS match. Baxter contends that the clothing was insufficiently identified and lacked a proper chain of custody. Baxter contends that the DNA lacked a proper chain of custody and was not collected in the manner set forth in Indiana Code sections 10-13-6-12 and 9-30-6-6. In other words, Baxter contends that the State failed to lay proper foundations for the evidence.
>
> Baxter contends that no witness testified that the clothing collected from T.R. was connected to the crimes. Nurse Maloy testified, however, that she collected the clothing from T.R. during the sexual assault examination, giving rise to the reasonable inference that T.R. was wearing the items during the attack. In any event, Baxter presented no evidence that Nurse Maloy or T.R. would have failed to identify the clothing as connected to the crime if they had been asked to do so. As for the chain of custody claims regarding the clothing, Baxter has failed to carry his burden of establishing that the witnesses in question could not have accounted for the evidence if they had been asked to do so.
>
> Regarding the DNA sample, Baxter's chain-of-custody argument suffers from the same fatal flaw as his argument regarding the clothing: there is no evidence that Detective Green could not have accounted for the DNA sample if he had been asked to do so. . . . Because Baxter's foundational arguments amount to nothing more than pure speculation that the State could not have laid the proper foundation if required, he has failed to establish ineffective assistance in this regard.

*Baxter II*, 2013 WL 1276014, at *3.

Mr. Baxter argues that the testimony of Detective Green and Nurse Maloy was insufficient to establish the relevance of exhibits two through five and the chain of custody with respect to all of the challenged exhibits. [Filing No. 2 at 6-9.] The respondent contends that Mr. Baxter's arguments all amount to speculation about whether the evidence was insufficiently connected to the crime or the chain of custody was improper, and the absence of evidence is categorically insufficient for him to carry his burden that counsel rendered ineffective assistance. [Filing No. 13 at 15-16.]

Turning first to Mr. Baxter's claim regarding the purported lack of relevance of exhibits two through five, the Indiana Court of Appeals noted that Nurse Maloy testified that she collected the clothes that make up exhibits two through five from the victim during the sexual assault exam. *See Baxter II*, 2013 WL 1276014, at \*3. The record reveals that this is correct. Specifically, Nurse Maloy testified that she collected clothing from the victim during the sexual assault exam and that the clothing she collected was marked as exhibits two through five. Trial Tr. at 175-77. Therefore, the Indiana Court of Appeals correctly reasoned that this testimony permits the "reasonable inference that T.R. was wearing the items during the attack" and is sufficient to establish the items' relevance. *Baxter II*, 2013 WL 1276014, at \*3. Accordingly, any objection to these exhibits based on relevance would not have been sustained, and thus Mr. Baxter's trial counsel did not render deficient performance by failing to raise such an objection. *See Hough*, 272 F.3d at 898.

As to Mr. Baxter's claims regarding the chain of custody, he argues that there are unexplained gaps in the chain of custody, and therefore his counsel provided deficient performance by failing to object to the admission of that evidence. [Filing No. 2 at 7-9.] The Supreme Court has made clear "that counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment,' and that

14

the burden to 'show that counsel's performance was deficient' rests squarely on the defendant." *Burt v. Titlow*, 134 S. Ct. 10, 17 (2013) (quoting *Strickland*, 466 U.S. at 687, 690). Mr. Baxter's trial counsel chose not to object to the evidence at issue, based on a chain of custody problem or otherwise. The Court must presume that this was a reasonable exercise of professional judgment absent evidence to the contrary, and Mr. Baxter points to none. Indeed, Mr. Baxter's trial counsel testified during post-conviction proceedings that he had no reason to believe the proper chain of custody was not present. *See* PCR Tr. at 12. Furthermore, Mr. Baxter's trial counsel testified that his trial strategy centered on Mr. Baxter's testimony that he had a consensual sexual encounter with the victim, and given this strategy, any challenge to the DNA evidence was in his view "kind of useless because [Mr. Baxter] said he had contact with [the victim]." PCR Tr. at 14. Therefore, not only is there an absence of evidence that the chain of custody for the DNA evidence was problematic, Mr. Baxter's counsel exercised reasonable professional judgment in deciding that any challenge to the DNA evidence was fruitless given Mr. Baxter's testimony about a consensual encounter.

"It should go without saying that the absence of evidence cannot overcome the strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Burt*, 134 S. Ct. at 17. Because Mr. Baxter relies solely on speculation—*i.e.*, the absence of evidence—the Court must presume that his trial counsel's performance was constitutionally adequate. But the Court need not rely solely on this presumption, as it was reasonable not to contest the admission of the DNA evidence given Mr. Baxter's testimony. The Indiana Court of Appeals applied similar reasoning in denying Mr. Baxter's claims, and this was a reasonable application of *Strickland*.

Finally, even if Mr. Baxter could establish that his trial counsel rendered deficient performance by not raising a relevance or chain of custody objection to the evidence at issue, he could not establish that this failure prejudiced him. According to Mr. Baxter, all of this evidence was prejudicial because the presence of his DNA on the various pieces of evidence corroborated the victim's testimony. [*See* Filing No. 2 at 7, 9.] However, as noted above, Mr. Baxter testified at trial that he had consensual sex with the victim. *See* Trial Tr. at 335-40. Thus, the DNA corroborates Mr. Baxter's version of events as much as it corroborates the victim's version. Given this, even if Mr. Baxter's trial counsel should have objected to the DNA-related evidence, he cannot establish that the failure to do so prejudiced him. His ineffective assistance of trial counsel claim must be denied for this additional reason.

## IV.
## Conclusion

This court has carefully reviewed the state record in light of Mr. Baxter's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. Because Mr. Baxter failed to carry his burden on his ineffective assistance of counsel claim, he is not entitled to habeas relief, and his petition is therefore **denied.**

Judgment consistent with this Entry shall now issue.

## V.
## Certificate of Appealability

Rule 11(a) of the *Rules Governing § 2254 Cases* requires the district courts to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and "[i]f the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Pursuant to § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

Such a showing includes demonstrating "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and quotation marks omitted). Mr. Baxter has failed to make this showing, and therefore a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

Date: January 15, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

William Baxter
No. 119814
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only

Electronically Registered Counsel